UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELIZABETH HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket no. 07-cv-121-P-S |
| | ) |
| JOHN F. MURPHY HOMES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

SECOND ORDER DENYING REQUEST FOR COURT APPROVAL
OF SETTLEMENT AGREEMENT

Before the Court is Defendant's Consented-to Motion for Leave to Reinstate Action and to File Settlement Agreement Under Seal and for Court Approval (Docket # 17). To the extent the Motion asks the Court to seal the Settlement Agreement (Docket # 18), the Motion is GRANTED. To the extent the Motion asks the Court to reinstate the case in order to approve Plaintiff's release of FMLA claims contained in the Settlement Agreement, the Motion is DENIED.

Via this latest motion, Defendant explains why it decided to seek this Court's approval of Plaintiff's release of FMLA claims; the reason: Taylor v. Progress Energy, Inc., 493 F.3d 454 (4th Cir. 2007). In Taylor, the Fourth Circuit interpreted 29 C.F.R. § 825.220(d) to require court approval of any release of FMLA claims. See id. at 463. Notably, this Fourth Circuit interpretation of the regulation was contrary to the interpretation urged by the Department of Labor. See id. at 456-59 (discussing the Department's position that the limitation found in 29 C.F.R. § 825.220(d) was on prospective waivers only and did not apply to retrospective waivers of claims). The Taylor court's interpretation is also contrary to the interpretation adopted by the

Fifth Circuit in Faris v. Williams WPC-I, Inc., 332 F.3d 316 (5th Cir. 2003) and, more recently, by a district court in the Eastern District of Pennsylvania in Dougherty v. Teva Pharmaceuticals USA, Inc., Civil Action No. 05-2336, 2007 WL 1165068 (E.D.Pa. April 9, 2007).  Having reviewed all three opinions and without deciding the issue, the Court is inclined to say that it would adopt the interpretation of 29 C.F.R. § 825.220(d) found in both Faris and Dougherty (which is the same interpretation advanced by the Department of Labor in Taylor).

While the Court now appreciates the concerns that prompted counsel to seek court approval of the FMLA releases negotiated as part of the settlement agreement, the Court does not believe that Taylor reflects the law in the First Circuit.  In the absence of binding precedent requiring that this Court approve all FMLA-related releases, such approval is not required.  Moreover, in the absence of any adversary process, the Court remains concerned that any approval of such releases would amount to an advisory opinion.  See, e.g., Overseas Military Sales Corp. v. Giralt-Armada, 503 F.3d 12, 16-17 (1st Cir. 2007) (explaining that "the business of federal courts" is generally limited to "questions presented in an adversary context") (quoting Flast v. Cohen, 392 U.S. 83, 95 (1968)).

For these reasons, Defendant's requests for reinstatement and court approval of the Settlement Agreement are hereby DENIED.  However, in accordance with Local Rule 7A and for reasons stated in Defendant's Motion, the copy of the Settlement Agreement provided to the Court in connection with this request shall be and remain SEALED.

SO ORDERED.

    /s/ George Z. Singal  
    Chief U.S. District Judge

Dated this 25th day of January, 2008.